IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL CAULTON, on behalf of himself and a class, | ) ) ) |
| Plaintiff, | ) ) ) No. 06 C 2744 |
| v. | ) ) HONORABLE DAVID H. COAR |
| MERCHANTS' CREDIT GUIDE CO. and CFB FINANCIAL LLC, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Before this Court is Plaintiffs' motion to certify plaintiff class in this Fair Debt Collection Practices Act ("FDCPA") action against defendants, Merchants' Credit Guide Co. ("MCG") and CFB Financial LLC ("CFB"). For the reasons set forth below, Plaintiff's motion for class certification is granted under the conditions specified.

**I. FACTS**

Plaintiff claims that MCG and CFB reported erroneous information to the credit bureau TransUnion on the last activity date of a debt incurred by plaintiff for personal, family or household purposes. Plaintiff asserts that MCG and CFB reported that the date of last activity

-1-

was December 1999, when the correct date was in late 1996; that MCG and CFB reported that the account had been placed for collection only in April 2005, when the correct date was 7 years earlier; and that MCG and CFB listed CFB as the "original creditor," when the correct "original creditor" was Discover. Plaintiff disputed the debt with TransUnion in late 2005. TransUnion conducted an investigation and contacted MCG. MCG maintained that the information it had reported was correct. Plaintiff claims MCG and CFB provided false information in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(8) and 1692e(10). Plaintiff seeks to represent a class of 5,501 individuals who were subject to similar misreporting by MCG and CFB.

## II. LEGAL STANDARD

Rule 23 of the Federal Rules of Civil Procedure sets forth the relevant standards for maintaining class action suits in federal court. Under Rule 23(a), a proposed class must satisfy four conditions before a court will grant certification: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Fed. R. Civ. P. 23(a). In addition, the Plaintiff must satisfy Rule 23(b), which offers only three potential bases for a valid class action. *See* Fed.R.Civ.P. 23(b). In the case before the Court, Plaintiff seeks certification under Rule 23(b)(3), which authorizes class actions where the "questions of law or fact common to the members of the class predominate over any questions affecting individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy." The burden of proof on a motion for class certification rests with the Plaintiff. *See Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 162, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982).

**III.    ANALYSIS**

   **A. Numerosity**

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Although there is no "magic number" of class members for numerosity purposes, case law indicates that when a class numbers at least 40, joinder will be considered impracticable. *Swanson v. Am. Consumer Indus.*, 415 F.2d 1326, 1333 (7th Cir. 1969). The proposed class has 5, 501 individuals, and there is no objection by defendant as to numerosity. Numerosity is satisfied.

   **B. Commonality**

Under Rule 23(a)(2), there must be a question of law or fact common to the class. Rule 23(b)(3), discussed below, more stringently requires that the common questions of law or fact predominate over questions pertaining to individual class members. Commonality generally exists when the defendant has engaged in "standardized conduct" towards the members of the proposed class. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 2006 WL 715788, at *4 (N.D. Ill. Mar. 22, 2006). "A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2). *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992). In the present case, the "common nucleus of operative fact" is the alleged inaccurate reporting practice of MCG and CFB to credit bureaus. The reporting is standardized conduct towards all members of the class. The principle legal question is whether such practice violates the FDCPA and ICAA. The Defendant raises no challenge to commonality. Commonality is satisfied.

   **C. Typicality**

A plaintiff's claim is typical of a proposed class if "it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and [is] based on the same legal theory." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cit. 1983). Further, "factual distinctions between the claims of the named class members and those of other class members" do not necessarily defeat a finding of typicality. *Id.* at 233. The issue instead turns on whether the plaintiff's claims "have the same essential characteristics" as those of the proposed class members. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 599 (7th Cir. 1993). As in commonality, the plaintiff was subject to the same alleged misreporting practice as the members of the class. Defendant raises no objections. Typicality is satisfied.

### D. Adequacy of Representation

Rule 23(a)(4) requires that the named plaintiff "fairly and adequately protect the interests of the class." The plaintiff must not have claims antagonistic to or in conflict with those of other class members, and must have sufficient interest in the case's outcome to be a vigorous advocate. *See Chapman v. Worldwide Asset Mgmt.*, L.L.C., 2005 WL 2171168, at *4 (N.D.Ill. Aug. 30, 2005). A second consideration in determining adequacy of representation is whether plaintiff's counsel is qualified, experienced, and able to conduct the proposed litigation. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). Defendant has raised no challenge on either consideration, and this Court sees no reason to doubt the adequacy of the plaintiff or the counsel of those attorneys now before it. The adequacy of representation is satisfied.

### E. 23(b)(3)

Under Rule 23(b)(3), a plaintiff must show that common questions of law or fact predominate over individual questions, and "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3); *Amchem Prods. v. Windsor*, 521 U.S. 591, 615 (1997). "The matters pertinent to the finding [under Rule 23(b)(3)] include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; © the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action." Fed. R. Civ. P. 23(b)(3). The predominance inquiry is significantly more demanding than the commonality requirement of Rule 23(a)(2). *Amchem Prods.*, 521 U.S. at 623-24. If individual issues predominate over common questions, then a class action generally is not a superior method for resolving the controversy because managing the disparate issues involved will be inefficient. *Szabo v. Bridgeport Mach., Inc.*, 249 F.3d 672, 675 (7th Cir. 2001).

Defendants object to class certification on the grounds that Plaintiff is unable to satisfy the superiority requirement of Rule 23(b)(3). Defendants deny the superiority of class action over other methods of adjudication, because there is likely no possible recovery for the class, or recovery would be *de minimis* in nature. Under the Fair Debt Collection Practices Act, in a class action "the total recovery shall not exceed the lesser of $500,000 or 1 per centrum of net worth of the debt collector. 15 U.S.C. §1692k(2)(B). Defendants assert that MCG had negative book value net worth that would result in a class recovery of zero dollars, or even using MCG's 2005 audit balance sheet, the net worth at the end of 2005 was $435, 484, and recovery would be *de*

*minimis* (79 cents each) for a class of 5,501 individuals. Defendants argue that a *de minimis* recovery would warrant denying class certification, since it is not superior to other possible methods of fair and efficient adjudication. *Kohlenbrener v. Dickinson*, 1996 U.S. Dist. LEXIS 3144 (D. Ill. 1996).

Plaintiff claims that Defendants' net worth may not be as low as Defendants allege. Defendant's counsel sent Plaintiff a letter dated June 26, 2006, stating that Defendants had a net worth of under one million dollars. Defendant also has several large liabilities that remain ambiguous, and has represented itself has a rapidly growing business. Further, Plaintiff asserts that MCG is not the only defendant; CFB is also a defendant, and there has been no claim that CFB's net worth is so low that it would only offer *de minimis* recovery for the plaintiff class if certified. Plaintiff contends that Defendant's credibility is dubious, and suggests that it's contention of negative net worth is not accurate.

At this point, there are questions of fact as to the defendant's net worth. Specifically, the net worth of CFB is unknown. Also, there are no explanations as to why Defendants' attorney had stated MCG's net worth to be under one million dollars in 2006, or the details of MCG's large liabilities. Federal courts in this district have not developed a clear rule as to whether to grant class certification under the FDCPA when the net worth of the defendant is in dispute. In *Kohlenbrener v. Dickinson*, it was held that when a plaintiff has not met its burden of establishing that the defendant has a positive net worth sufficient to satisfy the superiority requirement, class certification should be denied. 1996 U.S. Dist. LEXIS 3144 (D. Ill. 1996). Alternatively, in *White v. Financial Credit Corp.*, class action was certified, pending the factual dispute over net worth, and the court reserved the right to reconsider or decertify should the

evidence support an alteration. 2000 U.S. Dist. LEXIS 8963 (D. Ill. 2000). This court follows the reasoning in *White*, where the court certified the class pending final evaluation of net worth. *Id.* If the evidence, at a later date, is clear that only a *de minimis* recovery is possible, then reconsideration of the issue and perhaps decertification may be appropriate.

Although the Defendants' net worth, and hence the recovery value, is still in dispute, Defendants cite to several cases, arguing that a *de minimis* recovery would bar class certification. Defendants cite to *Jones v. CBE Group, Inc.*, where it was held that *de minimis* did not satisfy the superiority requirement, in part because other Rule 23 factors were not met. 215 F.R.D. 558, 569 (D. Minn. 2003). *Jones* specifically distinguishes itself from *Egge v. Healthspan Services Co.*, where all other Rule 23 factors fell in favor of class certification and actual damages accompanied statutory damages. 208 F.R.D. 265 (D. Minn. 2002). In *Egge*, class certification was granted despite a 21 cents individual statutory recovery. *Id.* Defendants also cite to *Sonmore v. CheckRite Recovery Servs.,* where the district court denied class certification because of *de minimis* recovery. 206 F.R.D. 257 (D. Minn. 2001). In *Sonmore*, the court found that even if the net worth of the defendant was as much as the plaintiff claimed, recovery would still be *de minimis,* and other factors did not favor class certification. *Id.* In the present case, Defendants' net worth may be high enough such that recovery would not be *de minimis*. Further, all other factors favor class certification,

The Seventh Circuit has stated that a *de minimis* recovery does not automatically bar a class action. *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997). "The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights.

A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor." *Id.* Further, the Seventh Circuit asserts that "the FDCPA allows for individual recoveries of up to $1000. But this assumes that the plaintiff will be aware of her rights, willing to subject herself to all the burdens of suing and able to find an attorney willing to take her case. These are considerations that cannot be dismissed lightly in assessing whether a class action or a series of individual lawsuits would be more appropriate for pursuing the FDCPA's objectives." *Id.* Thus, a *de minimis* recovery does not automatically bar class action as a superior method of adjudication, and if the evidence shows that there is *de minimis* recovery, class certification will be reconsidered under these principles.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for class certification is granted under the conditions specified for the class of 5,501 individuals who allege to have suffered from the misreporting of MCG and CFB.

Enter:

/s/David H. Coar

_____

David H. Coar

United States District Judge

Dated: **February 22, 2007**